NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| NASIR FINNEMEN,<br><br>    Plaintiff,<br><br>    v.<br><br>HON. KRISDEN MCCRINK, HON. RICHARD F. WELLS, WILLIAM STOPPER<br><br>    Defendants. | Civil No. 15-5795 (RMB/JS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

On July 27, 2015, Plaintiff Nasir Finnemen (the "Plaintiff") initiated this civil action against Judge Krisden McCrink of the Camden County Municipal Court, Judge Richard Wells of the Criminal Division of the Superior Court of New Jersey, and Public Defender William Stopper (collectively, "Defendants"). [Dkt. Ent. 1-3 (the "Complaint").] Plaintiff also seeks leave to proceed without prepayment of fees and has submitted the necessary application establishing that he lacks the financial ability to pay the filing fee. [Dkt. Ent. 1-1.] Based on Plaintiff's affidavit of indigence, this Court will

1

grant his application to proceed in forma pauperis.[1] However, for the reasons stated below, Plaintiff's claims against the named Defendants shall be dismissed with prejudice. The Complaint will be dismissed without prejudice to allow Plaintiff to amend the Complaint to name two officers of the Mt. Ephraim Police Department as defendants and supplement his allegations, if he so chooses.

I.  **Background**

Although his allegations are somewhat difficult to follow, it appears as though on February 18, 2015, Plaintiff was found guilty of an offense in the Camden County Municipal Court and was sentenced by Judge McCrink of that court to pay a fine of $1150, along with court fees and other assessments. (Compl. Ex. A.) After reviewing his financial status, that court appears to have permitted Plaintiff to make payments on the total amount of the sentence in $50 monthly payments. (Compl. Ex. B.)

Plaintiff alleges that he then appealed this sentence to the Superior Court of New Jersey, Criminal Division, Camden

---

[1] While the record before this Court demonstrates Plaintiff's right to proceed in forma pauperis, this Court notes that as part of Plaintiff's proceedings in the Superior Court of New Jersey he was denied indigency status. (Compl. Ex. D ("The Court is not satisfied that Defendant has established indigency pursuant to Rule 1:13-2 and therefore is not permitted to have such fees waived.").) This Court may not have before it all information that was before the Superior Court, and as such, may revisit the issue.

County on March 2, 2015. (Compl. at 1.) On April 6, 2015, Judge Wells of that court denied Plaintiff's application for indigent status, noting, "[t]he Court is not satisfied that [Mr. Finnemen] has established indigency pursuant to Rule 1:13-2 and therefore is not permitted to have such fees waived." (Compl. Ex. D.) Thereafter, "having failed to comply with the requirements of Rule 3:23-2 [governing timeliness of appeals]," Plaintiff's appeal was dismissed with prejudice on April 6, 2015. (Compl. Ex. C.) On April 17, 2015, Plaintiff appealed this dismissal to the Appellate Division of the Superior Court. (Compl. Ex. I.) On July 15, 2015, during the pendency of his appeal, Plaintiff alleges he was required to appear before Judge McCrink and was instructed by the court to begin on August 3, 2015 making monthly payments to satisfy his February 18, 2015 sentence. (Compl. at 1-2.)

Unrelated to Plaintiff's procedural grievances, Plaintiff also alleges that vaguely-defined "documents" that were in the possession of his public defender, Mr. Stopper, were not returned to him. (Compl. at 1.) Plaintiff alleges he was told over the phone that the documents would not be returned and that he should refrain from calling Mr. Stopper's office. (Id.)

Finally, although he does not name them as defendants in this action and does not request relief, Plaintiff appears to allege in the final sentence of the Complaint that two employees

3

of the Mt. Ephraim Police Department, Sgt. Michael Beach and Officer Michael Schaeffer, used excessive force against him in effectuating an arrest on an unknown date. (Compl. at 3.) He states that the officers used "excessive force and took me down to the grown and cause a serious injury and I was already disable when Sgt. Michael Beach, Officer Ptl Michael Schaeffer assaulted me." (Id.)

## II. Standard for Sua Sponte Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

 (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

 (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

 (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d

4

203, 311 (3d Cir. 2009). However, in screening a complaint to verify whether it meets this standard, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. Ed 652 (1972).

### III. Analysis

After reviewing the Complaint with the requisite liberal construction, the Court determines that it fails to state any claim upon which relief can be granted against Judge McCrink, Judge Wells, and Mr. Stopper. The Court additionally rules that, although Plaintiff has failed to name them as defendants, Plaintiff's allegations against two Mt. Ephraim Police Department officers are likely sufficient to survive an initial screening. Plaintiff may amend the Complaint to name those officers as defendants, if he desires to pursue an action against them.

Regarding Plaintiff's allegations against Judge McCrink and Judge Wells, Plaintiff's claims against both judges appear to be based on purported errors committed by the New Jersey State Courts during his conviction and appeals. As such, these claims are precluded by the Rooker-Feldman doctrine, barring district court review of final state court judgments. See Tammera v. Grossman, No. 10-569, 2010 WL 1372406, at *4 (D.N.J. 2010); see also Lance v. Dennis, 546 U.S. 459, 463 (2006) ("[U]nder what

5

has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). Accordingly, these claims should be dismissed.

Moreover, regarding Plaintiff's claim against Mr. Stopper, Plaintiff has not provided sufficient factual allegations to make out a valid claim. While he asserts in a single sentence that his public defender has not returned documents to which Plaintiff claims ownership, this Court can conceive of no claim on those very limited facts alone that would entitle him to jurisdiction in federal court. See, e.g., Calhoun v. Young, 388 Fed. Appx. 47, 49 (3d Cir. 2008) (explaining that for purposes of 42 U.S.C. § 1983 liability, "it is well established that a public defender performing a lawyer's traditional functions as counsel to a defendant is not acting under color of state law."). As such, Plaintiff's claim against the sole remaining named defendant, Mr. Stopper, should also be dismissed.

In construing Plaintiff's allegations liberally, however, the Court notes that on a very deferential reading they may implicate potential claims against Sgt. Michael Beach and Officer Michael Schaeffer, although those officers are not named as defendants. Plaintiff appears to assert that these two officers used excessive force in arresting him in violation of 42 U.S.C. § 1983. Although Plaintiff has provided only sparse

facts, including no date of the actions or more detailed circumstances of the arrest, it appears these claims may narrowly survive an initial screening under 28 U.S.C. § 1915(e)(2), if more fully developed. (See Compl. at 3.)

In order to make out a claim pursuant to § 1983, a plaintiff must show: (1) a violation of a right secured by the constitution, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Assoc. of N.J. Rifle and Pistol Clubs Inc. v. Port Auth. of N.Y. and N.J., 730 F.3d 252, 261 (3d Cir. 2013).

Here, Plaintiff alleges excessive force during an arrest when Plaintiff, who is disabled, was brought to the ground by officers. (Compl. at 3.) These facts would satisfy the first prong of a § 1983 claim as a violation of his Fourth Amendment rights. See Graham v. Connor, 490 U.S. 386, 394 (1989) ("Where [] the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment."). Moreover, the allegations would satisfy the second prong as well, in that they can be construed to state that the officers' actions were taken pursuant to their employment as Mt. Ephraim Police Officers and thus, under color of state law.

7

This Court is hesitant to read in claims that are against unnamed defendants. Nevertheless, because Plaintiff's allegations against these officers would be sufficient to survive a screening were they named as defendants and were relief from the injury requested, the Court will dismiss the Complaint without prejudice to Plaintiff amending the Complaint to more fully describe the circumstances of the arrest, name the officers as defendants, and request appropriate relief.

ACCORDINGLY, IT IS HEREBY on this **31st** day of **July 2015**,

**ORDERED** that, pursuant to 28 U.S.C. § 1915(a), the application by Plaintiff to proceed in forma pauperis is GRANTED; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint in the above-captioned action; and it is further

**ORDERED** that Plaintiff's claims against Defendants Judge Richard F. Wells, Judge Krisden McCrink, and Mr. William Stopper are dismissed with prejudice for failure to state a claim upon which relief can be granted; and it is further

**ORDERED** that the Clerk of the Court shall administratively close this case; and it is finally

**ORDERED** that, within 30 days from the date this Memorandum Opinion and Order is entered, Plaintiff may amend the Complaint.

If Plaintiff files an amended complaint, the Clerk of the Court shall re-open the matter for this Court's screening.

                                        s/ Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge