NOT FOR PUBLICATION [Dkt. Ent. 4]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| NASIR FINNEMEN,<br><br>     Plaintiff,<br><br>     v.<br><br>HON. KRISDEN MCCRINK, HON. RICHARD F. WELLS, WILLIAM STOPPER,<br><br>     Defendants. | Civil No. 15-5795 (RMB/JS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court on Plaintiff Nasir Finnemen's August 17, 2015 filing of a purported exhibit to his Complaint filed July 27, 2015. [Dkt. Ent. 4.] As discussed below, Plaintiff has failed to amend the Complaint in a manner consistent with the Court's prior instruction and, as such, the case will remain administratively closed.

The claims in the original Complaint against Judge Krisden McCrink, Judge Richard Wells and William Stopper were dismissed with prejudice on July 31, 2015 and the case was administratively closed. [Dkt. Ent. 2.] Nevertheless, the Court permitted Plaintiff thirty days to amend his complaint to allege additional facts concerning a briefly-mentioned potential

1

claim of excessive force under 42 U.S.C. § 1983 against two Mount Ephraim police officers who arrested him.  (See Cmplt. at 3.)  Plaintiff's most recent filing does not allege additional facts concerning his arrest, but rather provides additional facts concerning his legal proceedings before Judge McCrink and Judge Wells.  Construing Plaintiff's pleadings liberally, and treating his most recent filing as an amendment to his initial Complaint, the Court sees no reason to administratively open the case given Plaintiff's failure to allege additional facts on his one potentially viable claim.

   Moreover, screening the Complaint as amended, the result would still be dismissal.  Under the liberal construction given to pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the new facts Plaintiff has provided concern litigation before Judge McCrink and Judge Wells which fail to state a claim for the same reason as the previous set of allegations.  To wit, Plaintiff's new allegations take issue with Plaintiff's proceedings in state court and his denial there of fee waivers.  The Rooker-Feldman doctrine bars district court review of state court decisions.  See Tammera v. Grossman, No. 10-569, 2010 WL 1372406, at *4 (D.N.J. 2010); see also Lance v. Dennis, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court

2

judgments."). Accordingly, review by this Court of the state court's decisions is improper.

ACCORDINGLY, IT IS HEREBY on this **20th** day of **August 2015**,

**ORDERED** that the case shall remain administratively closed, pending Plaintiff's filing of an amended complaint within 30 days of this Court's July 31, 2015 Order, consistent with the instructions in that Order; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. Mail, to Plaintiff's most recent address at 509 South 4th St., Camden, NJ 08103.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

3