NOT FOR PUBLICATION [Dkt. No. 8]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| NASIR FINNEMEN, | |
| Plaintiff, | Civil No. 15-5795 (RMB/JS) |
| v. | **OPINION** |
| SGT. MICHAEL BEACH; PTL. MICHAEL SCHAEFFER, | |
| Defendants. | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

On July 27, 2015, Plaintiff Nasir Finnemen (the "Plaintiff") initiated this civil action against Judge Krisden McCrink of the Camden County Municipal Court, Judge Richard Wells of the Criminal Division of the Superior Court of New Jersey, and Public Defender William Stopper. [Dkt. Ent. 1-3 (the "Complaint").] In a Memorandum Opinion and Order dated July 31, 2015, this Court dismissed the claims against those defendants and permitted Plaintiff the opportunity to amend his complaint to more clearly state a cause of action, which had been alleged vaguely, against two then-unnamed police officers who were accused of attacking Plaintiff. [Dkt. No. 2.]  On September 16, 2015, Plaintiff amended his complaint to more clearly lay out his claims against those officers—Sgt. Michael Beach ("Sgt.

1

Beach") and Patrolman Michael Schaeffer ("Officer Schaeffer"). [Dkt. No. 8 ("Am. Compl.").] Because Plaintiff proceeds in forma pauperis, this Court must screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. Background

Plaintiff alleges that on the evening of July 17, 2014 Officer Schaeffer used excessive force in taking Plaintiff—a disabled person—to the ground. (Am. Compl. at 1, 3.) Plaintiff also claims that Officer Schaeffer, after taking Plaintiff to the ground, "put his knee on my neck and was grabbing my head off the grown with his hands." (Id. at 3) He further alleges that Sgt. Michael Beach punched him in the ribs while he was on the ground. (Id.)

As a result of this injury, Plaintiff alleges he suffered pain in the right side of his neck, crepitus, a cervical spine sprain, a contusion on his ribs, right and left wrist swelling, pain to his face, and swelling in and left shoulder. (Id. at 4.) In support of these allegations, Plaintiff attaches physical therapy and hospital records which show that Plaintiff was the subject of two different attacks and has been receiving treatment for the after-effects. (Am. Compl. Ex. at 40.) Specifically, the records indicate that Plaintiff was attacked

on June 29, 2014 while near a gas station.[1]  (Am. Compl. Ex. at 16-21, 40.)  The medical records also discuss the July 17, 2014 attack that is the subject of this litigation and describe it in a manner consistent with Plaintiff's allegations.  (Id.)

## II.  Standard for Sua Sponte Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1)  [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)  [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)  [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009). However, in screening a complaint to

---

[1] This attack does not appear to involve any of the defendants in this case.

verify whether it meets this standard, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. Ed 652 (1972).

### III. Analysis

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983. See generally Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009). Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under Section 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

This Court construes Plaintiff's allegations as attempting to state an excessive force in executing an arrest in violation of the Fourth Amendment and Section 1983. To establish a claim

4

for excessive force as an unreasonable seizure, "a plaintiff must show that: (a) a seizure occurred; and (b) that seizure was unreasonable." El v. Wehling, 2015 WL 1877667, at *8 (D.N.J. Apr. 23, 2015) (citing Rivas v. City of Passaic, 365 F.3d 188, 198 (3d Cir. 2004)); see also Graham v. Connor, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ."); Watson v. Oldroyd, Civ. A. No. 07-3175, 2007 WL 2264906, at *4 (D.N.J. Aug. 3, 2007);

Here, Plaintiff alleges that he is a disabled person, he was punched in the ribs while being arrested, and had his neck kneeled upon while Officer Schaeffer pulled back on his head. Plaintiff alleges that these injuries required him to seek medical treatment and undergo physical therapy. Such allegations, construed liberally, are sufficient to permit this claim to proceed. See Watson, 2007 WL 2264906, at *4 ("Plaintiff's allegation that he was beaten severely enough to require hospital treatment is sufficient to permit [a fourth amendment excessive force] claim to proceed.")

IV.  **Conclusion**

    For the reasons above, the Amended Complaint shall be filed and the action shall be permitted to proceed.  Consistent with 28 U.S.C. § 1915(d), process shall be issued and served by the officers of the Court, provided sufficient information is provided by Plaintiff to effectuate that service.


DATED: December 7, 2015


                                        /s/ Renée Marie Bumb  
                                        RENÉE MARIE BUMB  
                                        United States District Judge